IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-176-BO-KS

FRANTZ NEPTUNE,

        Plaintiff,

v.

COBBLE RIDGE HOMEOWNERS
ASSOCIATION, INC., ERIC HINKLE,
DAVID J. DARIGO, GINA CLAPP,
STEPHEN FUSI, NORTH CAROLINA
HUMAN RELATIONS COMMISSION,
MARGARET ATKINS, GENE TROY,
JAMES P. GORMLEY, A. OWENS,

        Defendants.

O R D E R

This matter comes before the Court on defendants' motion to dismiss [DE 16]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff, proceeding pro se, filed a complaint against defendants in the United States District Court for the Middle District of North Carolina. The complaint was transferred to this district pursuant to 28 U.S.C. § 1406(a). [DE 33]. Plaintiff alleges that after moving to the Cobble Ridge community of Holly Springs, North Carolina, he was "subjected to a campaign of harassment and intimidation. It started with items in [his] yard being destroyed, trespasses, and harassments." He first sought the aid of his homeowner's association, and then the local police. He moved out of the community and filed complaints with the North Carolina Human Relations Commission (NCHRC) and the Department of Housing and Urban Development (HUD). [DE 1-

1]. Margaret Atkins and Gene Troy investigated plaintiff's allegations to the NCHRC and found no reasonable grounds to believe that unlawful discriminatory housing practices had occurred. [DE 1, p. 7]. Plaintiff asserts 42 U.S.C. § 1983 claims based on due process and equal protection against NCHRC, and its employees Atkins, and Troy, collectively the "State Defendants," who move to dismiss [DE 16].

ANALYSIS

The State Defendants base their motion to dismiss on the Eleventh Amendment, plaintiff's lack of standing under Fed. R. Civ. P. 12(b)(1), and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's response argues that Congress has abrogated NCHRC's sovereign immunity against the claims brought in this case. He claims that by failing to comply with procedures required by the federal Fair Housing Act (FHA), the State Defendants violated plaintiff's due process rights.

**I. Subject Matter Jurisdiction; Immunity and Justiciability**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Courts may address sovereign immunity and standing on a 12(b)(1) motion to dismiss.

*a. Eleventh Amendment*

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the state itself but also to suits where "one of [the state's] agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Eleventh Amendment immunity may be waived expressly, *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); if the defendants removed an action from a state court with jurisdiction, *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002); or if Congress has exercised its authority to abrogate Eleventh Amendment immunity, *Seminole Tribe v. Florida*, 517 U.S. 44 (1996). North Carolina has not waived its sovereign immunity as to any of plaintiff's claims.

*i. Official Capacity or Individual/Personal Capacity*

Claims against a state official acting in their official capacity are treated as claims against the State. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Plaintiff's complaint specifies that he intends to sue certain defendants in both their individual and official capacities. [DE 1, p. 2]. However, he does not specify whether he sues Atkins and Troy in their individual or official capacities. *Id.* at 4. "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). *Biggs* identifies certain indicia of a personal capacity suit, including the plaintiff's failure to allege that the defendants acted in accordance with

3

a governmental policy or custom, the apparent interpretation of the defendant, and whether the plaintiff pursues money damages, which are unavailable in official capacity suits. *Id.*

Here, plaintiff complains only of the procedures by which the State Defendants handled his claims and the result. The fact that plaintiff sues both NCHRC itself and the persons working for NCHRC who handled the investigation into his claims, alleging identical claims against each of them, indicates an intent to sue Atkins and Troy in their official capacities. On the other hand, because defendants raise a qualified immunity defense, which is available only in personal capacity suits, [DE 17, p. 21]; *id.*, and assert the Eleventh Amendment defense only as to NCHRC [DE 17, p. 5], they appear to interpret plaintiff as suing Atkins and Troy in their individual or personal capacities.

Though damages are unavailable in official capacity suits and the plaintiff here does request damages, such a request does not always "outweigh the nature of the proposed claims," especially when the plaintiff's apparent intent is to hold the defendants "accountable for actions taken in their capacity as state officials." *Thomas v. N. Carolina Mut. Life Ins. Co.*, 2022 WL 19569528, at *4 n.5 (E.D.N.C. 2022). Nevertheless, based on the request for money damages and the defendants' interpretation of the complaint, it appears on balance that plaintiff intended to sue Atkins and Troy in their personal capacities. The Court therefore construes plaintiff's claims as against Atkins and Troy in both their official and personal capacities. Because state officials sued in their official capacities for damages are protected by Eleventh Amendment immunity, the State Defendants are immune from the claims against them in their official capacities, as further explained below, leaving only the claims against Atkins and Troy in their personal capacities. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003).

4

*ii. Abrogation*

Plaintiff's response to the State Defendants' motion to dismiss, citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), states, "Congress can abrogate state sovereign immunity in connection to its power to enforce the Fourteenth Amendment." [DE 23, p. 2]. Plaintiff cites 42 U.S.C. § 3613(a)(1)(A) of the Fair Housing Act, which provides "an aggrieved person may commence a civil action in . . . district court," as an act of Congress abrogating state sovereign immunity against his present claims. However, § 3613 continues: "to obtain appropriate relief with respect to [a] discriminatory housing practice."

While § 3613 provides a private right of action entitling aggrieved persons to sue for a discriminatory housing practice, plaintiff has not alleged that the State Defendants engaged in any discriminatory housing practice against him. Section 3613 does not create a right of action against a state agency for its handling of investigations into discriminatory housing practices, so it does not abrogate states' sovereign immunity against such claims. This reading of the statute finds support in other cases showing no private right of action against HUD for investigatory failures. *See, e.g., Godwin v. Sec'y of HUD*, 356 F.3d 310, 312 (D.C. Cir. 2004); *Marinoff v. United States Dep't of Hous. & Urban Dev.*, 892 F. Supp. 493 (S.D.N.Y. 1994). NCHRC enjoys Eleventh Amendment immunity from the present suit, as do Atkins and Troy in their official capacities.

b. <u>Standing</u>

Without Article III standing, a court lacks subject matter jurisdiction to hear a plaintiff's claims. *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458–59 (4th Cir. 2005). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Transunion LLC v. Ramirez*, 141 S.Ct. 2190,

5

Case 5:25-cv-00176-BO-KS    Document 36    Filed 09/29/25    Page 5 of 9

2203 (2021). The elements of standing are "not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The State Defendants argue that plaintiff's injury is not concrete.

"A litigant ordinarily has standing to challenge governmental action of a sort that, if taken by a private person, would create a right of action cognizable by the courts. Or standing may be based on an interest created by the Constitution or a statute." *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 152–153 (1951) (Frankfurter, J., concurring) (citation omitted). The relevant injuries plaintiff purports are (1) the State Defendants failed to provide him all the documents on which their decision was based, namely, the documents submitted by Cobble Ridge to NCHRC, (2) the State Defendants' investigatory procedures and result were faulty, and (3) the State Defendants retaliated against him for failing to accept an unspecified offer to induce him to withdraw his complaint. Both the first and second of his purported injuries appear to fall under the umbrella of injuries created by statute; the second also appears to arise under the Fourteenth Amendment's guarantee of due process.

First, "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205 (1972). As discussed above, the FHA does not create a private right of action against a state agency for its handling of investigations into discriminatory housing practices. Furthermore, there is no statutory right to receive copies of evidence submitted to the NCHRC by a respondent. The State Defendants have not deprived plaintiff of a statutory right.

Second, the core of plaintiff's complaint is that the State Defendants violated his due process rights. A constitutional violation is sufficiently concrete to confer Article III standing. *See*

6

*McGrath*, 341 U.S. at 152–153. However, for the reasons discussed below, plaintiff has no cognizable liberty or property interest, so it stands to reason he cannot have a cognizable injury to that interest.

Lastly, the allegation that the State Defendants retaliated against plaintiff for failing to accept their offer is conclusory. The complaint contains no information about what plaintiff was to receive in exchange for dropping his complaint, and no information about what the State Defendants did in retaliation. It cannot be a basis for standing because he does not describe any injury. Accordingly, this Court lacks subject matter jurisdiction over his claims.

## II. Failure to State a Claim

Alternatively, plaintiff fails to state a claim. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff asserts 42 U.S.C. § 1983 claims against the State Defendants based on due process and equal protection.

*a. Due Process*

To state a substantive due process claim, plaintiff must "demonstrate (1) that [he] had property or a property interest; (2) that the state deprived [him] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (citing *Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir. 1995). Similarly, to state a procedural due process claim, plaintiff must allege the following elements: (1) "that he had a constitutionally cognizable life, liberty, or property interest;" (2) "that the deprivation of that interest was caused by some form of state action;" and (3) "that the procedures employed were constitutionally inadequate." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).

Plaintiff did not have a liberty or property interest in the NCHRC's investigation or its outcome. Plaintiff's use of his home and, potentially, his expectancy of money damages, both resemble cognizable property interests. *See id.* However, he had already left his home by the time he lodged his complaint with NCHRC [DE 1-1], and a favorable finding from NCHRC would not have entitled him to money damages. Because plaintiff fails to allege that he had a cognizable property interest, he fails to state a due process claim.

*b. Equal Protection*

To state an equal protection claim, a plaintiff must allege facts plausibly demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). The complaint contains no mention of the characteristics for which the State Defendants allegedly discriminated against him. It does not

8

identify what disparate treatment other similarly situated people received. [DE 1-1]. He has failed to state an equal protection claim on which relief can be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 16] is GRANTED.

SO ORDERED, this 29 day of September 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE